IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                             **Case No. 12-40045-01-RDR**

RONALD JOE SHOTTS,

        Defendant.

## **O R D E R**

This matter is presently before the court upon defendant's motion for additional time to file motions. The defendant seeks an extension of thirty days to file pretrial motions. He seeks additional time so his counsel can review recently received discovery. The defendant notes that the government does not object to this motion. This is the first request for a continuance in this case by the defendant.

The defendant is charged with two co-defendants in a fifteen-count indictment. He is charged with (1) one count of conspiracy to commit bank fraud and aggravated identity theft in violation of 18 U.S.C. §§ 371 and 2; (2) seven counts of bank fraud in violation of 18 U.S.C. §§ 1344 and 2; and (3) seven counts of aggravated identity theft in violation of 18 U.S.C. §§ 1028A and 2. The defendant has been released pending trial. The current deadline for filing pretrial motions is May 1, 2012.

Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court

may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others:" 1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

After full consideration, the court finds that the denial of the requested extension may deny counsel and the defendant the time necessary to adequately prepare for trial, taking into account the exercise of due diligence. The court believes that the requested continuance is in the interests of the public and the parties because it will facilitate a fair, just and efficient resolution of this matter.

In sum, the court finds that the continuance requested is in

the interests of justice which outweigh the interests of the public and the defendant in a speedy trial. Therefore, the continuance requested constitutes excludable time under 18 U.S.C. § 3161(h)(7).

The defendant's motion shall be granted and he shall be allowed until June 1, 2012 in which to file pretrial motions. The government shall be allowed until June 11, 2012 to file its responses. The hearing on all pretrial motions filed in this case shall be held on June 28, 2012 at 9:30 a.m.

**IT IS SO ORDERED.**

Dated this 7th day of May, 2012 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge